IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMY MILLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 22-2281-JWB-KGG |
| | ) |
| OLATHE HEALTH SYSTM, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## SHOW CAUSE ORDER

Plaintiffs filed this action alleging employment retaliation, wrongful discharge, and defamation. (Doc. 3.) Although the Complaint alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332 (*id*., at 2), the Complaint has failed to allege sufficient facts to allow the Court to confirm whether diversity of citizenship exists.

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." **Henderson ex rel. Henderson v. Shinseki**, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press."

1

*Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." ***Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." ***Grynberg v. Kinder Morgan Energy Partners, L.P.***, 805 F.3d 901, 905 (10th Cir. 2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

For individuals, diversity jurisdiction turns on citizenship. *See generally* 28 U.S.C. § 1332. The organizational structure determines the citizenship of a

business entity.  For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); ***Newsome v. Gallacher***, 722 F.3d 1257, 1267 (10th Cir. 2013).  On the other hand, citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members.  ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).

The Amended Complaint ("Complaint") sufficiently alleges that the individual Plaintiff is a citizen of Missouri.  (Doc. 3, at 1.)  The allegations regarding the citizenship of Defendants are, however, insufficient.

As to the individual Defendant, Plaintiff alleges that Dr. Chen "is a physician employed by Johnson County Anesthesiologists, Chtd., with credentials to practice medicine at Defendant Olathe Health." (*Id*., at 2.)  These allegations are irrelevant to, and do not establish, the state of citizenship of the individual Defendant.  There are no allegations regarding Dr. Chen's domicile thus the Complaint fails to indicate his state citizenship for purposes of diversity jurisdiction.  Although he works in Johnson County, Kansas, Dr. Chen could very well be domiciled in Missouri.

The allegations regarding corporate Defendant Olathe Health are also insufficient.  Although the state of organization for the corporate Defendant has

been alleged, Plaintiff has failed to indicate its principal places of business.  (*See Id.*, at 1.)  The Court is therefore unable to determine the citizenship of the corporate Defendant.

Finally, Plaintiff has failed to establish the citizenship of Defendant Fusion Medical Staffing, which is a limited liability company.  As stated above, citizenship for unincorporated associations such as a limited liability company is determined by the citizenship of each of its members.  ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).  The Complaint is devoid of any information regarding the members of Fusion Medical Staffing.  (*See generally* Doc. 3.)  In order for the Court to make a determination as to the sufficiency of the allegations of diversity, Plaintiffs must clarify these issues relating to the three Defendants.

**IT IS THEREFORE ORDERED** that within **30 days of the date of this Order**, Plaintiffs shall file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of the Defendants and showing cause as to why the undersigned Magistrate Judge should not recommend to the District Court that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 2nd day of August, 2022, at Wichita, Kansas.

/S KENNETH G. GALE
HON. KENNETH G. GALE

4

U.S. MAGISTRATE JUDGE