IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMY MILLARD,

          Plaintiff,

v.                                    Case No.  22-2281-JWB

OLATHE HEALTH SYSTEM, INC.[1], et al.,

          Defendants.


**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to dismiss Defendant Fusion Medical Staffing, LLC ("Fusion") without prejudice (Doc. 51) and Fusion's motion for judgment on the pleadings (Doc. 41).  The motions have been fully briefed.  (Docs. 42, 52, 57, 58.)  For the reasons stated herein, Plaintiff's motion is GRANTED and Fusion's motion is DENIED AS MOOT.

**I.      Facts**

Plaintiff is a registered nurse and was employed by Fusion in September 2021 to provide healthcare staffing services on a contract assignment basis.  (Doc. 3 at ¶ 6.)  In January 2022, Plaintiff accepted a position with Defendant Olathe Medical Center.  After that date, Plaintiff was jointly employed by Fusion and Olathe Medical Center.  On February 9, 2022, Plaintiff assisted in the care of a post-operative patient.  The patient complained of pain and requested additional medication.  Plaintiff reviewed the patient's Medical Administration Record ("MAR") which indicated that Defendant Dr. Benjamin Chen, the anesthesiologist, had ordered Toradol for pain,

---

[1] Plaintiff has identified Olathe Health System as a defendant.  (Doc. 1.)  According to this Defendant, its correct name is Olathe Medical Center, Inc.  (Doc. 25, n. 1.)

in addition to other narcotics.  Plaintiff administered Toradol to the patient because the patient had

already been given the narcotics.  Later, Dr. Chen confronted Plaintiff and questioned why she

administered Toradol to the patient.  He insisted that he never ordered Toradol for the patient

because the treating physician does not allow this prescription for his patients and accused Plaintiff

of ordering the Toradol.  (*Id.* at ¶ 10.)  Plaintiff denied this accusation and later confirmed that the

patient's MAR reflected the Toradol prescription by Dr. Chen.  Plaintiff further reviewed the

patient's MAR with both the nurse manager and the surgical services director who both agreed

that Dr. Chen ordered the Toradol.  Plaintiff was instructed to go home for the day and that the

pharmacy would need to conduct a review.  Plaintiff's employment was terminated with Olathe

Medical Center.  (*Id.* at ¶ 13.)  Further, Plaintiff was not placed in an alternative position by Fusion

and her employment with Fusion was terminated.

Plaintiff filed this action on July 19, 2022, alleging claims of retaliation and wrongful

discharge in violation of Kansas public policy against Fusion and Olathe Medical center.  (*Id.* at

6.)  Plaintiff also asserts claims of defamation and tortious interference with a prospective business

relationship against Dr. Chen.

Defendant Fusion moved for judgment on the pleadings.  (Doc. 41.)  Fusion argued that

Plaintiff failed to state a claim of retaliatory or wrongful discharge under Kansas law.  (Doc. 42.)

Plaintiff did not file a substantive response but instead moved to dismiss Fusion without prejudice

pursuant to Fed. R. Civ. P. 41(a)(2).  (Docs. 51, 52.)  Fusion opposes Plaintiff's motion for

dismissal without prejudice and seeks an order of dismissal with prejudice.  (Doc. 58.)

II.     Analysis

After a defendant has filed an answer, as in this case, a plaintiff may voluntarily dismiss

an action only upon an order of the Court.  Fed. R. Civ. P. 41(a)(2).  "The rule is designed primarily

to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted).  Absent legal prejudice to a defendant, the district court should normally grant a motion for voluntary dismissal under Rule 41(a)(2).  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

In ruling on a Rule 41(a)(2) motion, the Tenth Circuit has instructed the court to consider the following "practical" factors: "'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.'"  *Brown*, 413 F.3d at 1124 (quoting *Ohlander*, 114 F.3d at 1537)).  Notably, "prejudice does not arise simply because a second action has been or may be filed against the defendant."  *Id.* (citation omitted).

Here, Plaintiff has sufficiently addressed the practical factors.  This action is in the early stages and the parties have only exchanged initial discovery requests and responses.  Upon review of the initial documents disclosed by Fusion, Plaintiff determined that dismissal was warranted at this time.  Plaintiff does not indicate if she plans to refile the action at a later date; however, Plaintiff requests that the action be dismissed without prejudice.  In response, Defendant merely argues that it has filed a substantive motion which should be granted.  Defendant makes no argument regarding the factors.

This matter is in the early stages of discovery which supports a determination that there is no prejudice to dismissing the action at this stage.  Moreover, given the statements in Plaintiff's motion, the court finds that Plaintiff has been diligent and provided a sufficient explanation for dismissal.  The court finds that the factors weigh in favor of granting Plaintiff's motion to dismiss, without prejudice.

3

### III.   Conclusion

Plaintiff's motion to dismiss without prejudice (Doc. 51) is GRANTED.   Defendant Fusion's motion for judgment on the pleadings (Doc. 41) is DENIED AS MOOT.   Defendant Fusion is dismissed from this action, without prejudice.

IT IS SO ORDERED.   Dated this 16th day of February, 2023.

_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
